# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| HOUGHTON MIFFLIN HARCOURT COMPANY, JOHN J. LYNCH, JR., LAWRENCE K. FISH, JEAN-CLAUDE BRIZARD, L. GORDON CROVITZ, JEAN S. DESRAVINES, JILL A. GREENTHAL, JOHN F. KILLIAN, JOHN R. MCKERNAN, JR., and TRACEY D. WEBER, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 21, 2022, Houghton Mifflin Harcourt Company ("Houghtonn" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Harbor Holdings Corp. ("Parent") and Harbor Purchaser Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Houghton's outstanding common stock for $21.00 in cash per share. The Tender Offer is set to expire on April 2, 2022.

3. On March 7, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Houghton common stock. Plaintiff resides in this District.

9. Defendant Houghton is a Delaware corporation. Houghton's common stock is traded on the NASDAQ under the ticker symbol "HMHC."

10. Defendant Lawrence K. Fish is Chairman of the Board of Directors of Houghton (the "Board").

11. Defendant John J. Lynch, Jr. is President, Chief Executive Officer, and a member of the Board.

12. Defendant Jean-Claude Brizard is a member of the Board.

13. Defendant L. Gordon Crovitz is a member of the Board.

14. Defendant Jean S. Desravines is a member of the Board.

15. Defendant Jill A. Greenthal is a member of the Board.

16. Defendant John F. Killian is a member of the Board.

17. Defendant John R. McKernan, Jr. is a member of the Board.

18. Defendant Tracey D. Weber is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Houghton is a learning technology company that delivers connected solutions that engage learners, empower educators, and improve student outcomes.

21. On February 21, 2022, Houghton entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Houghton Mifflin Harcourt Company (Nasdaq: HMHC) ("HMH," or the "Company"), a learning technology company, today announced that it has entered into a definitive merger agreement with certain affiliates of Veritas Capital ("Veritas"), a leading private investment firm, for the acquisition of the Company.

Pursuant to the terms of the agreement, HMH shareholders will be entitled to receive $21 in cash per share through a tender offer. The per share purchase price represents a 36% premium to the Company's unaffected share price as of January 13, 2022 and implies an equity value of approximately $2.8 billion.

The decision to enter into an agreement with Veritas was the result of a deliberate and thorough strategic review process overseen by HMH's Board of Directors. As part of that review, the Company held discussions with several potential strategic and financial bidders, including Veritas, through a formal process. Further details

of the transaction and background of the sale process will be included in the Company's Schedule 14D-9 with respect to the tender offer.

"Partnering with Veritas will provide HMH with the opportunity to accelerate our momentum and increase our impact on the four million teachers and 50 million students that we support each day. With accelerating billings growth, strong free cash flow and a transformed cost structure, we are at an important inflection point, and the time is right to move into the next phase of our long-term growth strategy alongside a partner that brings significant industry expertise," said Jack Lynch, President and Chief Executive Officer of HMH, who will continue to lead the Company along with the current management team. "As the promise of digital learning increasingly takes hold across the nation, we are confident this transaction will deepen our ability to bring the power of learning to even more teachers and their students, invest in our purpose-driven team, and have a positive impact on the communities we serve."

"We recognize HMH as one of the storied brands in education and are excited to partner with the company to expand its market-leading digital solutions and deliver the most efficacious products to students and teachers," said Ramzi Musallam, Chief Executive Officer and Managing Partner of Veritas. "Over Veritas' two decades of investing, education and technology have both become critical areas of focus across our portfolio. We look forward to bringing to bear our deep experience in K-12 education and proven track record to meaningfully invest in the Company to help drive better outcomes for students across the nation."

The agreement was unanimously approved by HMH's Board of Directors. The transaction is expected to be completed in the second quarter of 2022, subject to receipt of requisite regulatory approvals and satisfaction of customary closing conditions.

Evercore served as financial advisor, and WilmerHale served as legal counsel to HMH. Milbank LLP acted as legal advisor to Veritas. Bank of America, JPMorgan Chase Bank, N.A., Deutsche Bank and Macquarie Capital are providing committed financing for the proposed transaction.

23.   On March 7, 2022, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24.   The Recommendation Statement fails to disclose material information regarding Houghton's financial projections, specifically, the line items underlying the projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

26. The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Evercore. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding Evercore's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by Evercore; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Evercore; and (iii) the tax assets, net debt, and fully diluted shares utilized by Evercore.

28. Regarding Evercore's Selected Public Company Trading Analysis, the Recommendation Statement fails to disclose the individual multiples for the companies utilized by Evercore.

29. Regarding Evercore's Selected Transactions Analysis, the Recommendation Statement fails to disclose the individual multiples for the transactions utilized by Evercore.

30. Regarding Evercore's Equity Research Analyst Price Targets analysis, the Recommendation Statement fails to disclose: (i) the price targets utilized by Evercore; and (ii) the sources of the price targets utilized by Evercore.

31. Regarding Evercore's Premiums Paid Analysis, the Recommendation Statement fails to disclose: (i) the transactions utilized by Evercore; and (ii) the premia paid in the transactions

utilized by Evercore.

# COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. Section 14(e) of the Exchange Act states:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

34. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

35. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

36. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

37. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

38. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

40. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

41. Accordingly, defendants violated Section 14(e) of the Exchange Act.

42. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

45. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

46. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

47. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

48. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

49. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

50. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

51. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Houghton within the meaning of Section 20(a) of the Exchange Act as alleged herein.

53. Due to their positions as directors of Houghton and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the

statements or cause them to be corrected.

55. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

56. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

57. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

58. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

59. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

60. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 10, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*